United States District Court
District of Connecticut
FILED AT   BRIDGEPORT

April 23, 20 15

Roberta D. Tabora, Clerk

By Sasha Olier
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**                          X
**PATRICK FREEMAN and,**
**MARGARET FREEMAN**

**CIVIL ACTION**
**No. 15-**

3:15 cv 594 (AWT)

                              **Plaintiff,**

-against-

**UNITED STATES DEPARTMENT OF**
**VETERAN'S AFFAIRS**

                              **Defendant.**
_____ X

# COMPLAINT

## PRELIMINARY STATEMENT

1.   Plaintiff Patrick Freeman is a United States citizen, a resident of Connecticut and a

Vietnam War veteran.

2.   Margaret Freeman is a United States citizen and a resident of Connecticut.

3.   Plaintiffs are husband and wife.

4.   Plaintiffs  bring this action against Defendant under the Federal Torts Act and the laws of

the State of Connecticut for medical negligence.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over the subject matter of Plaintiff's Complaint under U.S.C.

Sections 1331, 1346(b) and 2671 – 2680 and the laws of the State of Connecticut. Additionally,

this District's jurisdiction over Plaintiff Patrick Freeman's Complaint is sought pursuant to the

equitable tolling of the Federal Tort Claims Act's statute of limitations. *Baldayaque v. United*

*States,* 338 F 3d 645(2nd Cir 2003) and *Casey v. United States,* 101F. Supp. 2d 86 (D. Conn. 2001).

6.  Plaintiffs submitted Administrative Tort Claims per form SF 95  to the United States Department of Veteran's Affairs ("DVA").

7.  Plaintiff Patrick Freeman submitted two separate and distinct SF 95 claims to the DVA as follows:

   a.  Pro se (prepared by Plaintiff  Margaret Freeman for her husband's signature and submission) on December 30, 2011 and     denied on May 23, 2012;

   b.  Pro se (also prepared by Margaret Freeman for her husband's signature)  request for reconsideration of the denial of the Dec 30 claim was denied by letter dated July 25, 2012;

   c.  By counsel on October 1, 2013 alleging different facts and not "accepted" by fax dated October 11, 2013;

   d.  That claim was rejected by letter dated April 1, 2014;

   e.  He appealed for reconsideration by letter received on April 8, 2014 which the DVA certified on   July 15, 2014; and,

   f.  The DVA denied the appeal on October 24, 2014 as being redundant.

8.  Plaintiff Margaret Freeman submitted an SF 95 claim to the DVA by counsel on October 1, 2013 contemporaneously with her husband.  It was denied contemporaneously with her husband's with a letter dated April 1, 2014. She requested reconsideration by letter dated April 5, 2014 contemporaneously with her husband's. The Appeal was denied by the DVA by letter dated October 24, 2014.

9.  Both plaintiffs have exhausted their available administrative remedies.

10.  Venue is properly with this District pursuant to 28 U.S.C. § 1402(b) as the plaintiffs are residents of this District.

## PARTIES

11.   Plaintiffs are Patrick and Margaret Freeman residing in Oxford, Connecticut at present and at all times pertinent to this action.

12.   At all times relevant to this Complaint, the DVA employees, physicians, nurses, pharmacists and medical professionals were acting within the scope and course of their employment with the DVA and, as such, defendant United States is the appropriate defendant pursuant to the Federal Tort Claims Act and the laws of the State of Connecticut.

## FACTUAL ALLEGATIONS

13.   Plaintiff Patrick Freeman was treated at the West Haven, Connecticut DVA Hospital at 950 Campbell Avenue for a period encompassing the years 2007 through 2011. Prior to his treatment at that DVA hospital he was a successful employer in the fields of loss analysis and accountancy.

14.   Merck & Co, Inc., ("Merck") a pharmaceutical company located in Whitehouse Station, New Jersey, manufactured a product marketed under the name "Zocor" (generic name "Simvastatin").

15.   Merck's Simvastatin label bore the legend warning of its daily maximum dosage.

16.   Defendant United States brought litigation against Merck in which the marketing of Zocor was considered. The DVA was involved.

17.   Plaintiff Patrick Freeman was administered a daily amount of Simvastatin by the West Haven DVA hospital personnel exceeding the maximum daily amount  in connection with his treatment and case.

18.   As a result of having been administered an excessive amount of  Simvastatin defendant suffers from:

a.   chronic severe myopathy in both his legs and arms;

b.   uncontrollable hand tremors which inhibits his ability to write;

c.   memory loss needed for daily tasks (paying bills, getting the mail, where items are located in his home, and not remembering whether or not he has completed a given task);

d.   sporadic back muscle spasms;

e.   his ability to lift anything of substance (e.g., gallon of milk) due to muscle loss sometimes because tremors begin when pouring any liquid;

f.   extreme difficulty in walking any distance;

g.   unable to engage in daily household tasks (rake the yard) or anything with repetitive motion due to muscle loss;

h.   inability to hold a job and recently terminated from a job due to these conditions;

i.   loss of strength causing the inability to lift himself from a sitting position without assistance due to muscle loss;

19.   Defendant United States as plaintiff settled one litigation against Merck in which the United States' share approached a quarter of a billion dollars. *United States v. Merck  & Co Inc.,* Civ. 100-6158, (E.D. Pa. (under seal)). It cannot claim lack of knowledge of the contents of Zocor's warning label. The Food and Drug Administration (FDA) has researched the safety of Simvastatin and has issued reports, The FDA's findings demonstrate that the administration of Plaintiff Patrick Freeman's Simvastatin was excessive.

20.   Ultimately Plaintiff Patrick Freeman's condition was diagnosed as Myotonic Dystrophy.

21.   Plaintiff Margaret Freeman's full-time care of her husband was imperative due to his physical and mental incapacitation caused by the negligent over administration of Zocor (Simvastatin) by defendant. In order to do so, it was necessary for plaintiff Margaret Freeman to leave her employment.

22.   Plaintiff Margaret Freeman is no longer employable.

## CAUSES OF ACTION

### FIRST COUNT: PATRICK FREEMAN

23.    The actions of the United States through its DVA personnel at the above identified

hospital constitute negligence in misdiagnosis and improper prescribing of a controlled

medication which caused an irreversible loss of muscle function all as a result of that negligence.

24.    Plaintiff Patrick Freeman has been damaged thereby and defendant is liable therefor

pursuant to the Federal Tort Claims Act and laws of the State of Connecticut

### SECOND COUNT: MARGARET FREEMAN

25.    The negligence of the United States as described above caused the incapacitation of

Plaintiff Patrick Freeman.

26.    Plaintiff Patrick Freeman's incapacitation necessitated Plaintiff Margaret Freeman's

assumption of the role of her husband's principal caregiver resulting in her inability to carry

on her own gainful employment. She has been damaged thereby and defendant is liable

therefore pursuant to the Federal Tort Claims Act and the laws of the State of Connecticut.

WHEREFORE, Plaintiffs respectfully request:

      A.    Compensatory damages in excess of $3,700,000.00;

      B.    Reasonable attorneys' fees and costs;

      C.    Such other and further relief as may appear just and appropriate.

Dated: April 22, 2015
       Bridgeport, CT

Respectfully submitted,

By: _____
    JOHN WALSHE

John Walshe (Ct-06343)
Counsel for Plaintiffs
1000 Laurel Ave
Bridgeport, CT 06604
203-338-3058
203-549-9045 (Fax)
jwalshe@aol.com